UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-14003-BLOOM

BRIAN JEREMIAH SHEPARD,

    Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Petitioner's Motion for Appointment of Counsel, ECF No. [9] ("Motion"). The Motion requests that this Court appoint Petitioner an attorney due to his indigence, his limited access to legal materials or an inmate law clerk to aid in the preparation of his case, and the complexity of his claims. *Id.* at 1. The Court has carefully reviewed the Motion, the record in this case, and the applicable law, and is otherwise fully advised.

A plaintiff has no constitutional right to counsel in a civil case, and the decision to appoint counsel is within the Court's discretion. *Suggs v. United States*, 199 F. App'x 804, 807 (11th Cir. 2006). Indeed, counsel should only be appointed in "exceptional circumstances." *Id.* (citing *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992)). Exceptional circumstances exist when there are "facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)) (quotations and alteration omitted). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Suggs*, 199 F. App'x at 807 (quoting *Kilgo*, 983 F.2d at 193).

Case No. 21-cv-14003-BLOOM

After reviewing the record in this case, the Court does not find this case presents such exceptional circumstances that counsel should be appointed. Nevertheless, Petitioner's case shall be referred to the Volunteer Attorney Program, where a volunteer attorney may accept the representation on a *pro bono* basis, if they so desire.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion, **ECF No. [9]**, is **DENIED**.

This case is referred to the Court's Volunteer Attorney Program, where a volunteer attorney may accept the representation on a *pro bono* basis if so desired. The Clerk of Court will post a description of the case and contact information on the Court's website of available *pro bono* cases seeking volunteer lawyers. If the representation is accepted, the volunteer attorney shall enter an appearance in the case and thereafter will be eligible for reimbursement of reasonable litigation expenses pursuant to the Court's Reimbursement Guidelines for Volunteer Counsel.

The Clerk of Court is **DIRECTED TO POST** the following description of the case:

> Petitioner Brian Jeremiah Shepard has filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus seeking to vacate his state court conviction for burglary of a dwelling, petit theft, and resisting an officer without violence. Petitioner contends that he is being held in violation of the Constitution, laws, or treaties of the United States because (1) the state trial court erred in denying his motion for judgment of acquittal on his burglary of a dwelling charge and (2) the state trial court erred in overruling defense objections to improper burden shifting and improper comments made during the State's closing argument.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 16, 2021.

BETH BLOOM
UNITED STATES DISTRICT JUDGE

Case No. 21-cv-14003-BLOOM

Copies to:

Counsel of Record

Brian Jeremiah Shepard
K61432
New River Correctional Institution
Inmate Mail/Parcels
PO Box 900
Raiford, FL 32083